IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TOPP'S MECHANICAL, INC., | ) | CASE NO. 8:19-cv-20 |
| Plaintiff, | ) ) ) | (From the District Court of Douglas County, Nebraska, CI 18-10532) |
| vs. | ) ) | **NOTICE OF REMOVAL** |
| KINSALE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |

**COMES NOW** Defendant, Kinsale Insurance Company ("Kinsale"), pursuant to 28 U.S.C. § 1332, § 1441, § 1446, and Fed. R. Civ. P. 81, and hereby give notice of removal of this case to the United States District Court for the District of Nebraska. In support of this Notice of Removal, Defendant states as follows:

1. On December 14, 2018, Plaintiff, Topps Mechanical, Inc. ("Topps Mechanical"), filed suit against Kinsale in the District Court of Douglas County, Nebraska, bearing Case No. CI-18-10532 (the "State Court Complaint"). As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is copies of all process, pleadings, and orders filed in the state court action.

2. Topps Mechanical seeks defense and indemnity under a liability policy issued by Kinsale in connection with a lawsuit filed against it by Alan Wangerin ("Wangerin"). Wangerin's Amended Complaint, attached hereto as Exhibit "B," asserts claims against Topps Mechanical due to injuries Wangerin sustained when he "was suddenly and unexpectedly immersed in a cloud of hot ammonia gas" (the "Underlying Action"). (Ex. B, ¶ 16).

3. Kinsale issued a commercial general liability insurance policy to Topps Mechanical as the named insured, under a policy bearing Policy No. 0100013488-0, and effective from August 1, 2013 through August 1, 2014 (the "Kinsale Policy"). The Kinsale Policy includes a broad Absolute Pollution Exclusion that bars coverage for any suit "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' including but not limited to any … '[b]odily injury'." The Kinsale Policy further contains a Time Element Pollution

.

Endorsement that provides limited coverage for certain pollution incidents, but only if the incident is discovered and reported in writing within a time. A copy of the Kinsale Policy is attached as Exhibit "C."

4. Topps Mechanical alleges that Kinsale breached its duty to defend and indemnify the claims asserted by Wangerin.

5. Topps Mechanical seeks reimbursement for all its fees and costs in defending the Underlying Action, as well as reimbursement for its settlement payment, which Topps Mechanical alleges totals "at least $252,870.03." (Ex. A, p. 8, ¶ 35).

6. Removal is appropriate under 28 U.S.C. § 1332 because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Topps Mechanical is incorporated under the laws of Nebraska with its principal place of business in Nebraska. Accordingly, Topps Mechanical is a citizen of Nebraska under 28 U.S.C. § 1332(c)(1).

8. Kinsale is incorporated under the laws of Arkansas with its principal place of business in Virginia. Accordingly, Kinsale is a citizen of Arkansas and Virginia under 28 U.S.C. § 1332(c)(1).

9. Consequently, there is complete diversity of citizenship between Topps Mechanical and Kinsale.

10. The amount in controversy also exceeds $75,000. Topps Mechanical expressly alleges "[t]hat as a direct and proximate cause of Kinsale's breach of the [Kinsale] Policy, [it] has suffered damages, including but not limited to fees and expenses incurred in the defense of the Claim asserted against it in the [Underlying Action] and its subsequent nominal settlement, all in the total amount of at least $252,870.03." Beyond this, the Declarations page of the Kinsale Policy establishes the limit of insurance is $1,000,000. (See Exhibit "C"). Consequently, the amount in controversy is satisfied.

11. Kinsale was forwarded a copy of the State Court Complaint on December 20, 2018; consequently, this notice is timely filed within 30 days of Kinsale's receipt of the initial pleading and within one year of commencement of the action, as required by 28 U.S.C. § 1446(b).

12. As detailed, the state court action may be removed to this Court under 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Nebraska; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Topps Mechanical's counsel, and a notice of filing is simultaneously being filed with the Clerk of the District Court of Douglas County, Nebraska.

14. In alleging the amount in controversy for purposes of removal, Kinsale does not concede in any way that the allegations in the State Court Complaint are accurate, that Topps Mechanical has asserted claims upon which relief can be granted, or that recovery of any amounts sought by Topps Mechanical are appropriate. By this Notice, Kinsale does not waive any objections it may have to service, personal jurisdiction, or venue, or any other defenses or objections it may have to this action. Kinsale reserves all defenses, motions, and/or pleas.

Dated this 17th day of January 2019.

KINSALE INSURANCE COMPANY, Defendant,

By: _____
Michael L. Moran, #24042
ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
1700 Farnam Street
Omaha, Nebraska 68102
(402) 348-0900  Fax (402) 348-0904
mmoran@ekoklaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DavidS. Houghton- #15204
Justin D. Eichmann- #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 (402) 930-1099 Fax
dhoughton@houghtonbradford.com
jeichmann@houghtonbradford.com
**Attorneys for Plaintiff**

                                                        /s/ Michael L. Moran