Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180010532
Transaction ID: 0007896606
Filing Date: 12/14/2018 09:52:53 AM CST

# IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| TOPP'S MECHANICAL, INC. a Nebraska corporation, <br><br> Plaintiff, <br><br> v. <br><br> KINSALE INSURANCE COMPANY, an Arkansas insurance corporation, <br><br> Defendant. | Case No. CI 18-_____ <br><br><br> **COMPLAINT AND JURY DEMAND** |

COMES NOW, Plaintiff, TOPP'S MECHANICAL, INC., a Nebraska corporation, by and through undersigned counsel, and for their cause of action against Defendant, KINSALE INSURANCE COMPANY, an Arkansas insurance corporation, states and alleges as follows:

1. That Plaintiff, Topp's Mechanical, Inc. (hereinafter "TMI"), is a corporation organized and existing pursuant to the laws of the State of Nebraska and operating as a mechanical contractor with its principal place of business in the State of Nebraska.

2. That Defendant, Kinsale Insurance Company (hereinafter "Kinsale"), is an insurance corporation organized and existing pursuant to the laws of the State of Arkansas, whose registered agent and office are The Corporation Trust Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201, and is doing business in the State of Nebraska upon information and belief to include Douglas County, Nebraska.

3. That in consideration of premiums paid by TMI, Kinsale sold and issued to TMI a commercial general liability insurance policy under policy number 0100013488-0 for the policy period of August 1, 2013 through August 1, 2014 (hereinafter the "Policy").

4. The Policy contains the following Insuring Agreement with regard to bodily injury and property damage liability:

1

**EXHIBIT A**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period ...

5. The Policy contains the following relevant definitions for terms appearing therein as follows:

"Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these at any time.

6. The Policy includes an endorsement titled "Exclusion - Absolute Pollution and Pollution Related Liability" (hereinafter the "Pollution Endorsement"), which excludes coverage under the Policy as follows:

    1. This insurance does not apply to any claim or "suit" for "bodily injury," "property damage," "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

    2. Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

    This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

        a. "Bodily injury," "personal and advertising injury," "property damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; ...

2

These exclusions apply regardless of whether:

1. Injury or damage claimed is included within the "products-completed operations hazard" of the policy; or

2. An alleged cause for the injury or damage is the insured's negligent hiring, placement, training, supervision, retention, act, error or omission.

The following definition is added to the policy. If the policy already includes a definition of "pollutants" such definition is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fume, fiber, radiation, acid, alkalis, petroleums, chemicals or "waste." "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

7. The Policy includes an endorsement titled "Time Element Pollution Endorsement" (hereinafter the "Time Element Pollution Endorsement"), which modifies coverage under the Policy as follows:

| SCHEDULE | | |
|---|---|---|
| Discovery Time Period: | 7 | Days |
| Reporting Time Period: | 45 | Days |

SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY is amended as follows:

1. Pollution Liability:

We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or ""property damage" which directly results from a "pollution incident" provided that the "pollution incident" must:

a. Be accidental, and not expected or reasonably foreseeable or intended from the standpoint of the insured; and

b. Result directly from "insured operations;" and

c. Have first commenced during this policy period; and

d. Be discovered by the insured within the "discovery time period" shown in the Schedule above; and

3

    e. Be reported to the Company in writing within the "reporting time period" shown in the schedule above …

SECTION V. DEFINITIONS is amended to include the following: …

"Insured operations" means those activities performed by the insured at a "job site project" or "premises." "Insured operations" also includes those activities of other performed at a "job site project" for which the insured is legally obligated.

"Discovery time period" means the number of days, beginning with commencement of a "pollution incident" within which the insured must discover a "pollution incident." …

"Pollutants" means any solid, liquid, thermal or gaseous irritant or contaminant, including smoke, vapors, soot, fumes, acids, alkalis, chemicals or waste.

"Reporting time period" means the number of days, beginning with commencement of a "pollution incident" within which the insured must report a pollution incident to the Company.

"Pollution incident" means the discharge, dispersal, release or escape of "pollutants" into or upon land or any structure on land, the atmosphere or any water course or body of water that arises from "insured operations" and results in environmental damage. All interrelated, repeated or continuous episodes of, and all "bodily injury" and "property damage" resulting from a "pollution incident" shall be deemed to a single "pollution incident" sustained at the specific time and date when the "pollution incident" occurred.

8. That prior May 29, 2014, TMI entered into an agreement for TMI's deconstruction of an existing $CO_2$ plant in Beatrice, Nebraska (hereinafter the "Plant"), transporting the parts thereof to Boyceville, Wisconsin and re-assembling the Plant in Boyceville, Wisconsin for use by Air Products & Chemicals, Inc. (hereinafter "APCI").

9. That within approximately one week of May 29, 2014, TMI became aware of an incident occurring at the Plant (hereinafter the "Incident") when TMI's employees were advised that the Plant was being shut down to investigate the Incident.

10. That immediately upon learning of the Incident and although no demand had been made upon TMI, nor had any assertion of TMI's liability and/or fault for the Incident been made, TMI's representative contacted Kinsale out of an abundance of caution and advised Kinsale of the

4

Incident even though TMI did not understand the Incident to constitute a "claim" under the Policy and asked for Kinsale's instruction as to how best to proceed.

11. That upon contacting Kinsale by telephone as outlined in the foregoing paragraph, TMI's representative was transferred to Kinsale's claims department whereupon TMI's representative advised Kinsale of the Incident and specifically asked if TMI should be reporting the Incident as a claim under the Policy and that in response Kinsale advised that TMI could not yet report the Incident as a claim under the Policy and that TMI should wait to report a claim until such time as a formal demand had been made upon TMI or a lawsuit had been filed against TMI.

12. That on or about November 20, 2015, Alan Wangerin (hereinafter "Wangerin"), one of APCI's employees first made demand upon TMI (hereinafter the "Demand") in connection with injuries he reportedly suffered in the Incident when he was exposed to Ammonia gas caused by the alleged negligent installation/location of ammonia relief valves at the Plant.

13. That following TMI's receipt of the Demand, TMI forwarded the Demand to Kinsale for defense and indemnity pursuant to the Policy.

14. That on or about January 8, 2016, Kinsale confirmed receipt of the Demand and TMI's request for defense and indemnity pursuant to the Policy and advised TMI that no defense and/or indemnity would be provided to TMI under the Policy due to the Pollution Endorsement.

15. That Kinsale's January 8, 2016 declination referenced in the foregoing paragraph failed to reference the Time Element Pollution Endorsement.

16. That in or about March 2017, TMI was served with summons as a defendant in legal proceedings brought against it in the United States District Court for the Western District of Wisconsin captioned *Alan Wangerin v. GE Oil & Gas et al.* and found at Case No. 3:17-cv-00149-slc (hereinafter the "Lawsuit"), wherein Wangerin alleged his injury resulting from the alleged

negligence of TMI and its co-defendants occurring on May 29, 2014 at the Plant in Boyceville, Wisconsin.

17. That although the amended complaint filed by Wangerin in the Lawsuit identified his alleged injuries as a result of his "sudden[] and unexpected[] immerse[ment] in a cloud of hot ammonia gas," Wangerin claimed additional injuries which were not the result of any "pollutant" to include a "hard impact" following his descent from a ladder and injuries to his knees and shoulder.

18. That TMI again promptly notified Kinsale of the Lawsuit and the service of summons upon TMI therein.

19. That by correspondence dated June 5, 2017, Kinsale again advised TMI that no defense and/or indemnity would be provided to TMI under the Policy due to the Pollution Endorsement.

20. That contrary to Kinsale's repeated declinations of coverage, the events which give rise to the Incident, the Demand and the Lawsuit (hereinafter, collectively, the "Claim") are covered by the Policy.

21. That TMI timely reported the Claim to Kinsale.

22. That any endorsement and/or exclusion in the Policy relied upon by Kinsale in declining coverage is ambiguous with respect to its terms, including but not limited to the definition of "pollutant" and, therefore, must be interpreted in favor of coverage for TMI.

23. That any endorsement and/or exclusion in the Policy relied upon by Kinsale in declining coverage is illusory as such exclusion contradicts the insuring provisions of the Policy and, therefore, the Policy must be interpreted in favor of coverage for TMI.

24. That an interpretation of the Policy which allows Kinsale to exclude coverage for the Claim violates TMI's reasonable expectations.

25. That the allegations pleaded in the Claim potentially and/or arguably fall within the scope of coverage and that, therefore, Kinsale had a duty to defend same.

26. That TMI timely notified Kinsale of the Claim and, at all relevant times, has cooperated with Kinsale's reasonable requests related to the Claim and has relied upon all direction and advice provided by Kinsale in that regard.

27. That TMI has fulfilled all of its duties and each of the conditions under the Policy with respect to the Claim.

28. That TMI is entitled to all of the rights and benefits provided by the Policy.

29. That Kinsale has failed to acknowledge and honor its coverage and indemnity obligations under the Policy and, as a result, has breached its contractual obligation to TMI.

30. That there is no reasonable basis for the coverage position that Kinsale has taken with regard to the Claim.

31. That Kinsale has an obligation to defend and to pay and damages incurred by TMI in the Claim and TMI is entitled to have Kinsale pay those damages under the Policy.

32. That Kinsale has failed and refused to undertake any reasonable investigation into the Claim and coverage therefor under the Policy and that Kinsale has further failed and refused to undertake TMI's defense and indemnity in the Lawsuit.

33. That as a result of Kinsale's failures and refusals identified above, TMI has been required to hire separate legal counsel to represent it in the Lawsuit and to defend it against the Claim as asserted therein.

34. That after undertaking significant discovery efforts in the Lawsuit and expending significant sums therein, TMI was able to obtain settlement of the Claim asserted against it in the Lawsuit for a nominal sum.

35. That as a direct and proximate result of Kinsale's breach of the Policy, TMI has suffered damages, including but not limited to fees and expenses incurred in the defense of the Claim asserted against it in the Lawsuit and its subsequent nominal settlement, all in the total amount of at least $252,870.03.

36. That Kinsale's failures and refusals, as outlined above, were made in bad faith and forced TMI to litigate and incur costs in order to obtain insurance proceeds and that pursuant to Neb.Rev.Stat. § 44-359, TMI is entitled to an award of its attorney fees incurred herein.

WHEREFORE, Plaintiff, TOPP'S MECHANICAL, INC, prays for judgment against Defendant, KINSALE INSURANCE COMPANY, in the total amount of at least $252,870.03 and for all costs and attorney fees incurred in the prosecution hereof, and for such other relief as this Court deems proper.

### JURY DEMAND

TMI hereby demands a trial by jury on all claims, issues and damages so triable.

TOPP'S MECHANICAL, INC., Plaintiff

By: /s/ Justin D. Eichmann - #22405
David S. Houghton - #15204
Justin D. Eichmann - #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 930-1099 Fax
dhoughton@houghtonbradford.com
jeichmann@houghtonbradford.com
*Attorneys for Plaintiff*

00473047

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180010532
Transaction ID: 0007896606
Filing Date: 12/14/2018 09:52:53 AM CST

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| TOPP'S MECHANICAL, INC. a Nebraska corporation, <br><br> Plaintiff, <br><br> v. <br><br> KINSALE INSURANCE COMPANY, an Arkansas insurance corporation, <br><br> Defendant. | Case No. CI 18-_____ <br><br><br> **COMPLAINT AND JURY DEMAND** |

**TO THE CLERK OF SAID COURT**:

Please issue summons for service, along with a copy of Plaintiff's Complaint, upon Defendant Kinsale Insurance Company via its registered agent as follows:

> Kinsale Insurance Company
> The Corporation Trust Company, Reg. Agent
> 124 West Capitol Avenue, Suite 1900
> Little Rock, Arkansas 72201

Said summons shall be returned to the undersigned for certified mail services upon the foregoing registered agent.

TOPP'S MECHANICAL, INC., Plaintiff

By: /s/ Justin D. Eichmann - #22405
David S. Houghton - #15204
Justin D. Eichmann - #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 930-1099 Fax
dhoughton@houghtonbradford.com
jeichmann@houghtonbradford.com
*Attorneys for Plaintiff*

00476330

| Image ID:    |   SUMMONS   |                |
|--------------|-------------|----------------|
| D00581433D01 |             | Doc. No. 581433 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Topp's Mechanical, Inc. v. Kinsale Insurance Company

Case ID: CI 18   10532

TO:   Kinsale Insurance Company

**FILED BY**
Clerk of the Douglas District Court
12/14/2018

You have been sued by the following plaintiff(s):

Topp's Mechanical, Inc.

Plaintiff's Attorney:   Justin D Eichmann
Address:                6457 Frances Street    Suite 100
                        Omaha, NE 68106

Telephone:              (402) 344-4000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: DECEMBER 14, 2018    BY THE COURT:   *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Kinsale Insurance Company
The Corporation Trust Company, RA
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No. 581433 |
|---|---|

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 18    10532 Topp's Mechanical, v. Kinsale Insurance

Received this Summons on _____,_____. I hereby certify that on _____, _____ at _____ o'clock __M. I served copies of the Summons upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles            _____

   TOTAL            $ _____

Date: _____   BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                    _____

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Kinsale Insurance Company           From: Justin D Eichmann
    The Corporation Trust Company, RA         6457 Frances Street    Suite 100
    124 West Capitol Avenue, Suite 1900       Omaha, NE 68106
    Little Rock, AR 72201

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI180010532
Transaction ID: 0007043542
Filing Date: 12/26/2018 02:04:32 PM CST

# SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 18   10532 Topp's Mechanical, v. Kinsale Insurance

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:
_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                        _____

Mileage ____miles           _____

  TOTAL                   $ _____

Date: _____    BY: _____
                                            (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____Kinsale Insurance Company_____

At the following address: ___The Corporation Trust Company, Reg. Agent___

___124 West Capitol Avenue, Suite 1900___

___Little Rock, Arkansas 72201___

on the __17th__ day of __December_____ __2018__, as required by Nebraska state law.

                                      /s/ Justin D. Eichmann
                                   _____

Postage $ __6.88__   Attorney for:  __Plaintiff_____

The return receipt for mailing to the party was signed on __December 20__, __2018__.

To: Kinsale Insurance Company          From: Justin D Eichmann
    The Corporation Trust Company, RA        6457 Frances Street    Suite 100
    124 West Capitol Avenue, Suite 1900      Omaha, NE 68106
    Little Rock, AR 72201

**ATTACH RETURN RECEIPT & RETURN TO COURT**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Kinsale Insurance Company
   The Corporation Trust Company, RA
   124 West Capitol Avenue, Suite 1900
   Little Rock, AR  72201

   9590 9402 3783 8032 9227 08

2. Article Number (Transfer from service label)

   7017 2620 0000 8339 5452

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   CT CORPORATION                 DEC 20 2018

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Jeppsn V. Kinsale

Certified Mail Fee
$ 4207-0000    12/17/18

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $ _____
☐ Return Receipt (electronic)         $ _____     Postmark
☐ Certified Mail Restricted Delivery  $ _____      Here
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$
Total Postage and Fees
$ 6.88    KAZ

Sent To  Kinsale Ins. Co.
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 2620 0000 8339 5452

# Certificate of Service

I hereby certify that on Wednesday, December 26, 2018 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Kinsale Insurance Company service method: No Service

Topp's Mechanical, Inc. represented by David S. Houghton (Bar Number: 15204) service method: Electronic Service to dhoughton@houghtonbradford.com

Signature: /s/ Justin Dale Eichmann (Bar Number: 22405)